**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RICKY JACKO,

    Plaintiff,

v.

DR. KAREN GEDNEY et al.,

    Defendants.

3:14-cv-458-RCJ-WGC

**SCREENING ORDER ON AMENDED COMPLAINT**

Plaintiff, a former Nevada Department of Corrections ("NDOC") inmate, has submitted an amended complaint and a motion for appointment of counsel. (ECF No. 12, 13). The Court previously granted Plaintiff's application to proceed *in forma pauperis* for a non-prisoner. (ECF No. 6 at 8). The Court now screens Plaintiff's amended civil rights complaint pursuant to 28 U.S.C. § 1915A.

## I.  SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine

whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     SCREENING OF AMENDED COMPLAINT

On January 9, 2015, this Court entered a screening order on Plaintiff's original civil rights complaint. (ECF No. 6 at 1). The Court dismissed Count I, alleging medical malpractice, with prejudice; dismissed Count II, alleging conditions of confinement without prejudice, with leave to amend; and dismissed Count III, for failure to protect, with prejudice. (*Id.* at 8). In Count II, the Court found that Plaintiff had to allege more than the toilets were "filthy" and "rusty" to state a claim for unsafe prison conditions of confinement. (*Id.* at 6). In granting Plaintiff leave to amend, the screening order specifically stated: "If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself . . . Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit."   (*Id.* at 7).

Plaintiff's amended complaint lacks the specificity of the allegations provided in Plaintiff's original complaint. In the amended complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at the Northern Nevada Correctional Center ("NNCC"). (ECF No. 13 at 1). Plaintiff sues Defendants Dr. Karen Gedney, NNCC Prison Staff, and NNCC Administrative Segregation Staff.   (*Id.* at 2).   Plaintiff alleges three counts and seeks monetary damages.  (*Id.* at 6, 9).

3

In Count I, Plaintiff alleges the following: He previously noted evidence and exhibits that demonstrated that he "really suffered while incarcerated for 26 months." (*Id.* at 4). The prison infirmary should have transferred him to a proper hospital to have proper anesthesia. (*Id.*). Due to the prison conditions, his staph infection reoccurred. (*Id.*). Plaintiff alleges medical malpractice. (*Id.*).

In Count II, Plaintiff alleges the following: Plaintiff spent 21 days in administrative segregation which was filthy. (*Id.* at 5). The guards never gave him proper cleaning chemicals to clean the "rusting, filthy toilets" from which Plaintiff caught a staph infection. (*Id.*). Plaintiff alleges "filthy cell and prison conditions." (*Id.*).

In Count III, Plaintiff alleges the "same story from the first two counts to be considered as an amended complaint." (*Id.* at 6). Plaintiff alleges that he was not given proper anesthesia by NNCC prison staff. (*Id.*).

The Court dismisses Count I, with prejudice, as amendment would be futile because Plaintiff cannot state a claim for medical malpractice, as explained in the first screening order. Moreover, the allegations in Count I fail to state any cognizable claim. Additionally, the Court dismisses Count III, with prejudice, because Plaintiff does not allege anything coherent or provide any facts.

With respect to Count II, the Court finds that Plaintiff fails to state a claim for unsafe conditions of confinement. The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). When determining whether the conditions of confinement meet the objective prong of the Eighth Amendment analysis, the court must analyze each condition separately to determine whether that specific condition violates the Eighth Amendment. *See Wright v. Rushen*, 642 F.2d 1129, 1133 (9th Cir. 1981). When considering the conditions of

confinement, the court should consider the amount of time to which the prisoner was subjected to the condition. *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005). As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to the unconstitutional conditions of confinement to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The Court finds that Plaintiff fails to state a claim in Count II. Despite being provided the law of unsafe conditions of confinement and being told to state more than "rusty" and "filthy" toilets for this claim in the original screening order, Plaintiff has not provided any more details. Plaintiff only concludes the toilets were filthy, rusty, and gave him a staph infection. As such, the Court dismisses this claim with prejudice, as amendment would be futile.

### III.   MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion for appointment of counsel. (ECF No. 12). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*. In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. The Court denies the motion for appointment of counsel.

### IV.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the motion for appointment of counsel (ECF No. 12) is denied.

IT IS FURTHER ORDERED that the amended complaint (ECF No. 13) is dismissed in its entirety, with prejudice, without leave to amend.

5

IT IS FURTHER ORDERED that this Court certifies that any *in forma pauperis* appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

Dated: June 11, 2015.

_____
United States District Judge